UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD ELLIS,

Petitioner,

v. Case No: 6:18-cv-1978-Orl-28DCI

SECRETARY, DEPARTMENT OF CORRECTIONS, and ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents.
_______________________________/

**ORDER**

THIS CAUSE is before the Court on Petitioner Ronald Ellis' Petition for Writ of Habeas Corpus ("Petition," Doc. 12) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response," Doc. 6) in compliance with this Court's instruction. Petitioner was provided an opportunity to file a Reply to the Response but did not do so.

Petitioner asserts two grounds for relief.[1] For the following reasons, the Petition is denied.

## I. PROCEDURAL HISTORY

The State Attorney of the Ninth Judicial Circuit for the State of Florida charged Petitioner with two counts of sexual battery upon a person less than twelve years of age (Counts One and Two). (Doc. 6-2 at 4-5.) A jury convicted Petitioner of both counts. (*Id.*

[1] Petitioner includes two grounds of ineffective assistance of counsel under Ground One of the Petition. (Doc. 12 at 5.) The Court will address each ground separately.

at 20-21.) The state court sentenced Petitioner to life in prison. (*Id.* at 38-41.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed but remanded with instructions for the trial court to enter a written order consistent with its oral ruling pertaining to Petitioner's competency. (*Id.* at 100-01.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The state court denied the motion in part and granted in part to correct Petitioner's sentence to reflect he was eligible for parole. (*Id.* at 141-45.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 177.)

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing to *Williams*:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker*, 244 F.3d at 835.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

## III. Analysis

### A. Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to adequately investigate Petitioner's competence to proceed to trial and request a second competency evaluation. (Doc. 12 at 5.) To support this ground, Petitioner complains that counsel did not request a re-evaluation of Petitioner prior to trial. (Doc. 12-2 at 6-7.) Petitioner notes that one expert had found him to be incompetent to proceed to trial and trial counsel knew Petitioner had difficulty expressing himself and that competency was an issue. (*Id.* at 7-8.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 6-2 at 142-43.) The state court reasoned that two experts found Petitioner competent in 2013, counsel represented to the court prior to trial his belief that Petitioner understood the strengths and weaknesses of the case and made an informed decision to reject the State's plea offer, and counsel indicated before trial that he did not have any concerns about Petitioner's ability to proceed. (*Id.* at 143.) The state court concluded that counsel, therefore, had no basis to request a re-evaluation of Petitioner's competence. (*Id.*)

A criminal defendant must be mentally competent to stand trial. *Drope v. Missouri*, 420 U.S. 162 (1975). "The legal test for mental competency is whether, at the time of trial and sentencing, the petitioner had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as

well as factual understanding of the proceedings against him.'" *Adams v. Wainwright*, 764 F.2d 1356, 1360 (11th Cir. 1985) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

> On a post-conviction incompetency claim, "the standard of proof is high": the petitioner must present a preponderance of "clear and convincing evidence" of "positive [ ], unequivocal[ ], and clear[ ]" facts "creating a real, substantial and legitimate doubt" as [to] his competence. *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). Evidence of incompetence "must indicate a present inability to assist counsel or understand the charges." *Id.* at 1107. Absent evidence of such an inability, evidence of low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic drugs is not sufficient to show incompetence to stand trial. *Id.*

*Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1101 (11th Cir. 2009). To show prejudice based on counsel's failure to seek a competency evaluation, the petitioner must demonstrate that "there was a reasonable probability that he would have received a competency hearing *and* been found incompetent had counsel requested the hearing." *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 479 (11th Cir. 2012) (emphasis in original).

The record reflects that in 2013, approximately a year before the trial, three experts evaluated Petitioner to determine his competency to proceed to trial. (Doc. 12-6 at 227-28.) Two of the experts opined that Petitioner, who had a stroke in 2009 and had expressive aphasia that impeded his ability to communicate orally, was competent to proceed. A third expert found Petitioner to be incompetent. (Doc. Nos. 12-6 at 227-28, 235-40; 12-7 at 1-13.) Based on the experts' reports, the trial court found Petitioner competent to proceed to trial. (*Id.* at 228.)

On the date trial started in 2014, the trial court addressed Petitioner concerning the

State's plea offer. (Doc. 6-2 at 13-14.) Petitioner affirmed that he understood the maximum sentence he faced if convicted as charged. (*Id.*) The trial court allowed Petitioner an opportunity to speak with his attorney about the plea offer. (*Id.* at 15.) Thereafter, defense counsel advised the court that he discussed the plea offer with Petitioner, conveyed the strengths and weaknesses of the case to him, and believed Petitioner understood and made an informed decision to reject the offer. (*Id.*) The trial court then asked Petitioner if he wished to reject the plea offer and proceed to trial, and Petitioner responded affirmatively. (*Id.*) Defense counsel then reminded the trial court that Petitioner's competency had been evaluated, that two of the three experts had found Petitioner to be competent, that all three experts indicated that Petitioner may have difficulty under the stress of trial, and that Petitioner sometimes has difficulty expressing himself. (*Id.* at 16-17.) When the prosecutor asked defense counsel if he had any concerns about Petitioner proceeding at that time, counsel responded negatively. (*Id.* at 18.) Defense counsel agreed to tell the court if Petitioner showed any signs of stress. (*Id.*)

During trial, the court questioned Petitioner about his right to testify. (Doc. 12-6 at 99-100.) Petitioner affirmed he understood that the decision of whether to testify was his to make, indicated that he had had an opportunity to speak with his attorney about his decision, and said he chose not to testify. (*Id.* at 100.)

Given Petitioner's representations to the state court prior to and during trial, as well as defense counsel's statements, Petitioner had sufficient ability to consult with his attorney with a reasonable degree of rational understanding and had a rational and factual understanding of the proceedings against him. The state court's determination,

therefore, that counsel had no basis to request a re-evaluation of Petitioner's competency is supported by the record. Petitioner, therefore, has not demonstrated deficient performance or prejudice. Accordingly, Ground One is denied pursuant to § 2254(d).

**B. Ground Two**

Petitioner contends counsel rendered ineffective assistance by waiving his right to a twelve-person jury. (Doc. Nos. 12 at 5; 12-2 at 8.) Respondents argue that this ground is unexhausted and procedurally barred. (Doc. 6 at 7-9.)

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) ("[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (quotation omitted).

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor

external to the defense impeded the effort to raise the claim properly in the state court." *Wright*, 169 F.3d at 703. Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner did not raise this ground in his Rule 3.850 motion. Therefore, this ground is unexhausted and procedurally barred absent an exception to the procedural default bar. Petitioner has not demonstrated cause and prejudice to overcome his procedural default of this ground. Likewise, he has not established he is actually innocent. Therefore, Ground Two is procedurally barred and denied. Any of Petitioner's allegations not addressed herein are without merit.

## IV. Certificate Of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*,

568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 12) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 15, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record